IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAKKI GURKAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF CHICAGO,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  No.<br>)  FILED: JUNE 4, 2008<br>)  08CV3234  PH<br>)  JUDGE MORAN<br>)  MAGISTRATE JUDGE BROWN |

## COMPLAINT

Plaintiff, by his attorneys, brings this complaint to secure redress for the City of Chicago's unlawful conduct in connection with its violations of the Uniformed Services Employment and Reemployment Rights Act (hereinafter, "USERRA") and relevant Illinois law. Plaintiff states as follows:

*Preliminary Statement*

1. Plaintiff Hakki Gurkan is Chicago police officer who has volunteered to serve his country in Iraq with the United States Navy Reserve. Despite such service – and, in fact, because of his military service – Officer Gurkan has been discriminated against by Chicago and its police department. Specifically, Officer Gurkan, while serving his country in Iraq, has been unlawfully denied a fair and reasonable opportunity to pursue his civilian career as a Chicago police officer. To be promoted as a police officer, the City required Officer Gurkan to take an examination. But when the required examination was offered while Officer Gurkan was serving on active duty in Iraq, the City refused to provide any reasonable opportunity for the plaintiff to sit for the examination and instead demanded that Officer Gurkan somehow travel from Iraq to Qatar to take the test. Such an unreasonable requirement violates federal and state law and, in fact, discriminates against the plaintiff because of his military service.

## *Nature of Action*

2.      This lawsuit arises from a common scheme orchestrated by the City of Chicago (hereinafter, the "City) to deny the appropriate benefits, promotions and treatment as required under USERRA, 38 U.S.C. §4301 *et seq.*, to Gurkan who, as reserve military personnel, are called to serve on active duty and then return to his job in Chicago. Specifically, USERRA requires that persons taking leave for military service "should be so restored or reemployed in such a manner as to give such person such status in the person's employment as the person would have enjoyed if such person had continued in such employment continuously from the time of such person's entering the Armed Forces until the time of such person's restoration to such employment, or reemployment." Moreover, re-entering workers are entitled to the same "seniority, status, and pay" and "prompt reemployment" – less than two weeks after re-application. *See* 38 U.S.C. § 4301.

3.      Indeed, the Code of Federal Regulations, 20 CFR § 1002.191, makes clear that

> [T]he employee is entitled to reemployment in the job position that he or she would have attained with reasonable certainty if not for the absence due to uniformed service. This position is known as the escalator position. The principle behind the escalator position is that, if not for the period of uniformed service, the employee could have been promoted. . . . The escalator principle requires that the employee be reemployed in a position that reflects with reasonable certainty the pay, benefits, seniority, and other job prerequisites that he or she would have obtained if not for the period of service.

The Code even explicitly addresses the employer's obligations regarding promotional tests:

> If an opportunity for promotion, or eligibility for promotion, that the employee missed during service is based on a skills test or examination, then the employer should give him or her a reasonable amount of time to adjust to the employment position and then give the skills test or examination. . . . If the employee is successful on the makeup exam and, based on the results of that exam, there is a reasonable certainty that he or she would have been promoted, or made eligible for promotion, during the time that the employee served in the uniformed service, then the promotion or eligibility for promotion must be made effective as of the

date it would have occurred had employment not been interrupted by uniformed service.

*See* 20 CFR § 1002.193. These provisions illustrate the City's willful and wanton violations of law. As the plaintiff describes below, the City refused to provide a fair and reasonable opportunity for the plaintiff to take the required promotional examination while on duty in Iraq or to take any "make-up" examination.

    4.    In addition to federal law, Illinois places other obligations upon public sector employers. Of critical importance to any public sector employee is the requirement that dependent health coverage and pension contributions must be continued during the period of military duty and any pay differentials – the difference between the employee's military pay and civilian salary – must be paid to the employee. Simply stated, USERRA and Illinois law recognize the sacrifice of the men and women who are called to serve in the military. These laws are designed to ensure that service members need not worry about his jobs – and his pay, benefits and other career opportunities – while they serve his country.[1]

    5.    Pursuant to mandated policy, the City has violated – and continues to violate – these lawful requirements and, as the proximate result, has caused the plaintiff substantial damages. Such damages include the loss of promotion opportunities and attendant benefits and, most sharply, the imposition of additional costs and expenses that have been borne by the

---

[1] One of the important ways that federal law seeks to protect service members while they serve his country is by altering the typical computation for limitations purposes. Specifically, 50 App. U.S.C.A. § 526(a) reads:
    (a) Tolling of statutes of limitation during military service
    The period of a service member's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the service member or the service member's heirs, executors, administrators, or assigns.

plaintiff. The plaintiff now pursues this action to request injunctive relief and damages resulting from the City's illegal conduct.

### *Jurisdiction and Venue*

6.  This Court has jurisdiction to grant relief sought by the plaintiff pursuant to 38 U.S.C. § 4301 *et seq.* and 28 U.S.C. § 1367. Venue is proper in this district because the defendant resides here. *See* 28 U.S.C. § 1391(b).

### *Parties*

7.  Hakki Gurkan is a resident of Chicago, Illinois. Mr. Gurkan is a Petty Officer, First Class, in the United States Navy Reserve and a police officer with City's police department ("CPD").

8.  The City of Chicago is a corporation who is an "employer" under applicable federal and state law and establishes and oversees its departments and agencies, including CPD.

### *Background Allegations Common To All Counts*

9.  The plaintiff is an exemplary American. He has volunteered to serve in the United States Navy Reserve. In addition, the plaintiff lead a life lives of similar self-sacrifice in his civilian occupation –as police officers with CPD for many years.

10. Gurkan's story is impressive. In July 2002, Gurkan – already a Chicago police officer since August 1999 – enlisted in the U.S. Navy Reserves, motivated by the tragic events of September 11, 2001. In August 2005 he was informed that he would mobilized and stationed in Iraq. In September 2005, Gurkan submitted his request for a military leave of absence from CPD. That request was approved and Gurkan began active duty on September 26, 2005. With

---

Moreover, 38 U.S.C. § 4323(2)(i) reads: "Inapplicability of State statute of limitations.--No State statute of limitations shall apply to any proceeding under this chapter."

several weeks he was in Kuwait and then Iraq serving at the Forward Operating Base, Abu Ghraib.

11. In January 2006 – with the assistance of his friend and fellow police officer – Gurkan registered for the CPD Sergeant Promotional Examination, which consists of two parts. In order to sit for the first part – the Written Qualifying Examination – Gurkan through great effort and at substantial hardship was able secure military leave to come home to Chicago to take the first test in March 2006.

12. Gurkan passed that first part of the Sergeant examination and, as a result, became eligible for meritorious promotion.

13. The second part of the Sergeant examination – called the Sergeant Assessment Exercise – was scheduled by CPD for June 24, 2006. Gurkan communicated extensively via e-mails with CPD managers, specifically Lieutenant Lyle Myers of CPD's Personnel Division. CPD refused to permit Gurkan to take the test in Iraq where he was deployed. Instead, CPD told Gurkan to contact Ernst & Young LLP who administered the test for CPD. After communicating with Ernst & Young, Gurkan was informed that the test would not be administered in Iraq but that Ernst & Young could administer the test in Qatar.

14. Making every conceivable effort to get to Qatar to take the examination, Gurkan sought and received a four-day pass to travel to Qatar – a very difficult pass to obtain. Gurkan used the pass and traveled to Qatar in time for the test. But, unfortunately, once at the military base in Qatar, Gurkan could not obtain permission to leave the base to get to the Ernst & Young office to sit for the examination. Thus, CPD's purported "accommodation" did nothing for Gurkan who, due to military policy, was unable to leave his base camp in Qatar to get to the Ernst & Young office. These facts demonstrate the unreasonableness of CPD's policy which in

fact denied Gurkan the chance at promotion. Therefore, Gurkan was denied the opportunity to take the Sergeant Assessment Exercise in June 2006.

15. In July 2006, Gurkan returned to Chicago after completing a successful tour of duty in Iraq. His service in Iraq was particularly distinguished. Gurkan received the Iraq Campaign Medal and the Joint Service Commendation Medal. The criteria for the Joint Service Commendation Medal are as follows: "Awarded for heroism or meritorious service while assigned to a joint command or joint activity." Gurkan is undoubtedly a hero – but has been denied any promotion to Sergeant in the Chicago Police Department because he was denied a fair opportunity to take the Sergeant Assessment Exercise in June 2006.

16. The City's conduct regarding the Sergeant promotional examination violates the law and unjustly discriminates against Mr. Gurkan because of his status as a service member. This unlawful conduct continues and unjustly discriminates against service members.

17. The plaintiff has suffered substantial damages as a result of the City's conduct including the lost wages and benefits flowing from promotions that the plaintiff could have and should have received. Stated simply and as the proximate result of the City's policies, these service members have suffered delays, increased costs (including physical and psychological examinations before any reemployment) and other impositions – all conducted at the City's "convenience" and in accordance with establish City policies – in violation of USERRA and Illinois law.

18. In addition and on information and belief, the plaintiff have been improperly denied his pension monies that should have been contributed in a timely fashion to his pension accounts during his absences due to being called for active duty. When the plaintiff have complained to CPD personnel about the lack of any information about the required pension

contributions, CPD has responded only with silence – while the plaintiff lose the investment value of the contributions that should have been made on his behalf months and possibly even years earlier.

### Count I:
### *Declaratory And Injunctive Relief For Violation Of USERRA*

19. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18.

20. The City is an employer under USERRA and the plaintiff, as a police officer of the City who has been called to active duty in the Navy, is among the persons protected under that Act.

21. The City violated USERRA – and such violations continue – by denying reasonable accommodation for Gurkan.

22. As a result of these violations, the plaintiff has been denied the protection afforded by the federal statute and has been denied reasonable accommodation to pursue and advance his civilian career.

23. The plaintiff is entitled to a declaration that his rights under USERRA have been violated and that all appropriate promotions, benefits, salaries and other costs flowing from the City's illegal conduct should be bestowed on the plaintiff.

**WHEREFORE**, the plaintiff request that this Court enter judgment in his favor for the following relief against the defendant:

A. A declaration that the City's conduct violates USERRA and that the plaintiff is entitled to all reasonable damages proximately flowing from the City's illegal conduct;

B. An injunction halting the violations complained of; and

C. Such further relief that this Court deems appropriate.

## Count II:
### *Violation of 38 U.S.C. §4301 et seq.*

24. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18.

25. At all relevant times, USERRA provided the following:

> A person who is a member of, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

*See* 38 U.S.C. § 4311(a).

26. USERRA defines an "employer" as "any person, institution, organization, or other entity that pays salary or wages for work performed." *See* 38 U.S.C. § 4303(a)(A). "Uniformed service" includes the Navy, 38 U.S.C. § 4303(16), and defines "service in the uniformed services" as "the performance of duty on a voluntary or involuntary basis in a uniformed service . . . including active duty." *See* 38 U.S.C. § 4303(13). Moreover, USERRA requires the City, as an employer, to make "reasonable efforts" to accommodate the employee returning from military service and to qualify the employee for benefits, promotions and the like that the employee would have received but for the absence caused by military service.

27. The plaintiff satisfies all applicable requirements under the Act and has conducted himself in accordance with the law. Specifically, the plaintiff's absence from the City's employ was as a result of "uniformed service" and he otherwise complies with the conditions set forth in USERRA. Moreover, the plaintiff has made appropriate demand on the City for redress, specifically for the appropriate benefits, promotions and the reasonable efforts due him, but has been repeatedly denied any relief.

28. The City violated the law by denying the plaintiff the promotions and benefits due him as a consequence of the plaintiff's absence for military service and by refusing to make

8

reasonable efforts to assist the plaintiff to obtain such benefits, promotions and the like – including any examinations or other requirements for promotion.

29. The plaintiff suffered pecuniary damages as a result of these violations by being denied appropriate benefits and promotions and by being compelled to bear unreasonable costs to pursue, maintain and advance his civilian career while on military duty.

**WHEREFORE**, the plaintiff requests this Court to enter judgment in his favor for the following relief against the defendant:

    A.    Compensatory damages including all statutory damages and penalties;

    B.    Prejudgment interest on the value of any amounts that the plaintiff has been improperly denied;

    C.    An injunction halting the practices complained of;

    D.    Punitive damages as a result of the defendant's willful and wanton conduct;

    E.    Attorneys' fees, litigation expenses and court costs to the extent permitted by law; and

    F.    Such further relief that this Court deems appropriate.

### *Count III:*
### *Violation of Illinois Service Member's Tenure Act, 330 ILCS § 60/1 et seq.*

30. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18.

31. The Illinois Service Member's Employment Tenure Act, 330 ILCS §60/1 *et seq.*, applies to members of the armed forces and requires units of local government to restore returning military personnel to his or her employment with appropriate increases in "status, seniority and wages." *See also* Local Government Employees Benefits Continuation Act, 50 ILCS § 140/1 (allowing for employer to pay the difference between military and governmental

pay including insurance and other benefits that the employee was receiving at the time of mobilization). The Service Member's Tenure Act reads in part as follows:

> Sec. 2. As a guide to the interpretation and application of this Act, the public policy of the State is declared as follows:
> As a constituent commonwealth of the United States of America, the State of Illinois is dedicated to the urgent task of strengthening and expediting the national defense under the emergent conditions which are threatening the peace and security of this nation. It is the considered judgment of the General Assembly that the wage earners of Illinois who respond to their country's call to service in this time of crisis, are deserving of every protection of their employment status which the law may afford, and that repetition of the regrettable experience existing after the great war of 1917-18, wherein returning service men were subjected to serious discrimination with regard to tenure and other rights of employment, must be avoided, since any form of economic discrimination against returning service men is a serious menace to the entire social fabric of the United States of America and the State of Illinois.

*See* 330 ILCS § 60/2.

32. The plaintiff is among the persons sought to be protected by Illinois law. Moreover, the plaintiff is a member of the armed forces as defined by statute and has fulfilled his obligations under 330 ILCS §60/1 *et seq*. Specifically, Gurkan was denied an opportunity to take the required promotional examination during active military service and, thus, when he returned from active duty, he was denied the rightful promotions and benefits he should have been able to receive. He provided evidence (specifically, his orders) demonstrating satisfactory completion of his term of active duty and the City was fully aware of such orders. Despite such evidence of satisfactory completion of duty, the City still refused to provide the plaintiff with the promotions and benefits to which he were entitled.

33. The City violated the law by denying the plaintiff the promotion and benefits due him as a consequence of the plaintiff's absence for military service and by refusing to make reasonable efforts to assist the plaintiff to obtain such benefits, promotions and the like – including any examinations or other requirements for promotion. Specifically, Illinois law

requires that the City restore the plaintiff to his position including the benefits and promotions he would have received but for his absence due to military service.

34. The plaintiff has suffered pecuniary damages as a result of these violations by being denied appropriate benefits and promotions and by being compelled to bear unreasonable costs to pursue, maintain and advance his civilian career while on military duty.

**WHEREFORE**, the plaintiff requests this Court to enter judgment in his favor for the following relief against the defendant:

A. Compensatory damages including all statutory damages and penalties;

B. Prejudgment interest on the value of any amounts that the plaintiff has been improperly denied;

C. An injunction halting the practices complained of;

D. Attorneys' fees, litigation expenses and court costs to the extent permitted by law; and

E. Such further relief that this Court deems appropriate.

### Count IV:
### *Violation of Illinois Military Leave of Absence Act, 5 ILCS 325/1*

35. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18

36. The Illinois Military Leave of Absence Act, 5 ILCS 325 /1, reads in relevant part as follows:

Sec. 1. Leave of Absence.

(a) Any full-time employee of the State of Illinois, a unit of local government, or a school district, other than an independent contractor, who is a member of any reserve component of the United States Armed Forces or of any reserve component of the Illinois State Militia, shall be granted leave from his or her public employment for any period actively spent in military service. . . . During these leaves, the employee's seniority and other benefits shall continue to accrue.

*See* 5 ILCS 325/1.

37. The plaintiff is among the persons sought to be protected by this Illinois statute. Specifically, the plaintiff is an employee of a unit of local government as defined by statute and has fulfilled his obligations under the law.

38. By denying Gurkan a reasonable opportunity to take examination CPD required for any promotion, the defendant violated the Illinois Military Leave of Absence Act by denying Gurkan the fruits of his seniority and other benefits. As a result, the City violated the law by denying the plaintiff the promotions and benefits due him as a consequence of the plaintiff's absence for military service.

39. The plaintiff has suffered pecuniary damages as a result of these violations by being denied appropriate benefits and promotions and by being compelled to bear unreasonable costs to pursue, maintain and advance his civilian career while on military duty.

**WHEREFORE**, the plaintiff requests this Court to enter judgment in his favor for the following relief against the defendant:

A.   Compensatory damages including all statutory damages and penalties;

B.   Prejudgment interest on the value of any amounts that the plaintiff has been improperly denied;

C.   An injunction halting the practices complained of;

D.   Punitive damages as a result of the defendant's willful and wanton conduct;

E.   Attorneys' fees, litigation expenses and court costs to the extent permitted by law; and

F.   Such further relief that this Court deems appropriate.

## Count V:
### *Violation of the Illinois Human Rights Act, 775 ILCS § 5/6-102.*

40. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 18.

41. The Illinois Human Rights Act reads in part as follows:

Sec. 6-102. Violations of Others Act. A person who violates the Military Leave of Absence Act, the Public Employee Armed Services Rights Act, . . . commits a civil rights violation within the meaning of this Act.

*See* 775 ILCS 5/6-102. *See also* 5 ILCS § 325/1.01. Section 5/1-102 of the Illinois Human Right Act sets forth the public policy of Illinois:

Sec. 1-102. Declaration of Policy. It is the public policy of this State:
(A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap, military status, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

*See* 775 ILCS § 5/1-102.

42. The plaintiff is among the persons sought to be protected by Illinois law and the City discriminated against the plaintiff as a result of his military status by denying the plaintiff a fair opportunity to take the required promotional examination and then, as a result, refusing to provide the plaintiff the promotions and benefits due him. These violations occurred as a consequence of the plaintiff's absence from his employment solely because of his active military service. Such discrimination is unlawful.

43. The plaintiff has suffered pecuniary damages as a result of these violations by being denied appropriate benefits and promotions and by being compelled to bear unreasonable costs to pursue, maintain and advance his civilian careers while on military duty.

**WHEREFORE**, the plaintiff requests this Court to enter judgment in his favor for the following relief against the defendant:

A. Compensatory damages including all statutory damages and penalties;

B. Prejudgment interest on the value of any amounts that the plaintiff has been improperly denied;

C. An injunction halting the practices complained of;

D. Punitive damages as a result of the defendant's willful and wanton conduct;

E. Attorneys' fees, litigation expenses and court costs to the extent permitted by law; and

F. Such further relief that this Court deems appropriate.

### Jury Demand

44. The plaintiff requests a trial by jury on all claims that may so be tried.

Dated: June 4, 2008   Respectfully submitted,

          **HAKKI GURKAN,**
          **Plaintiff,**

         By: _____/s/ Thomas C. Cronin_____
           One of his Attorneys

Thomas C. Cronin
James V. Capparelli
Cronin & Co., Ltd.
77 West Wacker Dr., Ste. 4800
Chicago, Illinois 60601
T: 312. 201.7100
F: 312.201.7101
tcc@cronincoltd.com