IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAKKI GURKAN, | ) | |
| | ) | No. 08 C 3234 |
| Plaintiff, | ) | |
| | ) | Chief Judge Holderman |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS IN PART**
**PLAINTIFF'S COMPLAINT AND TO STAY ANSWER**

Defendant City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff Hakki Gurkan ("Gurkan")'s claims for punitive damages in Counts II, IV, and V of plaintiff's Complaint against the City and to dismiss Counts III, IV and V of Gurkan's Complaint against the City in their entirety. The City also requests that it be granted thirty days after a decision on this motion to dismiss to answer any and all remaining claims in the Complaint. In support of this motion, the City states as follows:

1.      Gurkan is a Chicago police officer and a member of the Navy Reserve. See Complaint, ¶ 7. He alleges that in June 2006, while he was on military duty in Iraq, the City failed to provide him a reasonable accommodation to take one component of the 2006 Police Sergeant Examination. Id., ¶¶ 13-14.

2.      Gurkan filed his Complaint against the City on June 4, 2008, almost two years after the alleged failure to accommodate. See Complaint. In Count I of his Complaint, Gurkan seeks declaratory and injunctive relief for an alleged violation of the Uniformed Services

Employment and Reemployment Rights Act ("USERRA").  Id., Count I.  In Count II of his Complaint, Gurkan seeks compensatory and punitive damages, injunctive relief, and attorneys' fees and costs for an alleged violation of USERRA.  Id., Count II.  In Count III of his Complaint, Gurkan seeks compensatory damages, injunctive relief, and attorneys' fees and costs for an alleged violation of the Illinois Service Member's Employment Tenure Act ("ISMETA").  Id., Count III.  In Count IV of his Complaint, Gurkan seeks compensatory and punitive damages, injunctive relief, and attorneys' fees and costs for an alleged violation of the Illinois Military Leave of Absence Act ("IMLOAA").  Id., Count IV.  Finally, in Count V of his Complaint, Gurkan seeks compensatory and punitive damages, injunctive relief, and attorneys' fees and costs for an alleged violation of the Illinois Human Rights Act ("IHRA").  Id., Count V.

    3.    Gurkan seeks punitive damages in Counts II, IV, and V of his Complaint. Complaint, Count II prayer for relief, Count IV prayer for relief, and Count V prayer for relief. The Court should dismiss such claims because USERRA does not provide for punitive damages (38 U.S.C. § 4301, et. seq.) and because the City is immune from punitive damages in both federal and state actions (City of Newport v. Facts Concerts, 453 U.S. 247, 271 (1981); 745 ILCS 10/2-102).

    4.    Gurkan waited almost two years to file his Complaint.  Under Illinois law, the statue of limitations for bringing an action under ISMETA against a municipality is one year. 745 ILCS 10/8-101; see also Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago, 213 Ill. 2d 1 (2004) (holding that the legislative intent of section 8-101 was that the Tort Immunity Act apply broadly to any possible claim against local government entities and their employees, and that the Tort Immunity Act necessarily controls over other statutes of

limitation or repose).  The Court should dismiss Count III of Gurkan's Complaint because it is time-barred by the applicable one-year statute of limitations.

5.　　IMLOAA does not provide for a private right of action except under IHRA.  5 ILCS 325/1.01.  Therefore, Counts IV and V of Gurkan's Complaint are redundant, and should be treated as the same claim.

6.　　IMLOAA provides for regular compensation, benefits, and seniority that accrue during a military leave of absence.  5 ILCS 325/1.  IMLOAA does not provide for reasonable testing accommodations.  5 ILCS 325.  Therefore, the Court should dismiss Counts IV and V of Gurkan's Complaint because Gurkan fails to allege that he was deprived of regular compensation, benefits or seniority – i.e. the rights protected by IMLOAA – during his military leave of absence.

7.　　Furthermore, in order to invoke the protections of IHRA in Counts IV and V, Gurkan must comply with IHRA's provisions.  Talley v. Washington Inventory Service,  37 F.3d 310, 312-13 (7th Cir. 1994); Shelton v. Ernst & Young, LLP., 143 F. Supp.2d 982, 990 (N.D. Ill. 2001).  Gurkan fails to allege that he exhausted the administrative remedies provided in IHRA.  Therefore, the Court should dismiss both Counts IV and V because this Court lacks jurisdiction over those claims.

9.　　This motion seeks to dismiss only part of Gurkan's Complaint.  As a result, the City asks that the time to answer all claims in the present motion be stayed pending a ruling on the motion to dismiss.  Oil Express National, Inc. v. D'Alessandro, 173 F.R.D. 219, 220-21 (N. D. Ill. 1997).

10.　　The City incorporates its memorandum in support of this motion by reference.

WHEREFORE, for all the reasons discussed in this motion and the supporting memorandum, defendant City of Chicago respectfully requests that this Court:

(1) dismiss Gurkan's claims for punitive damages in Counts II, IV, and V of plaintiff's Complaint, with prejudice, because USERRA does not provide for punitive damages and because the City is immune to such claims as a matter of law;

(2) dismiss Count III of Gurkan's Complaint against the City, with prejudice, because it is barred by the applicable one-year statute of limitations;

(3) dismiss Counts IV and V of Gurkan's Complaint, with prejudice, because Gurkan fails to allege that he was deprived of regular compensation, benefits or seniority – i.e. the rights protected by IMLOAA through IHRA – during his military leave of absence: IMLOAA does not entitle Gurkan to a testing accommodation;

(4) dismiss Counts IV and V of Gurkan's Complaint, with prejudice, because Gurkan has failed to allege that he exhausted the administrative remedies provided in IHRA; and

(5) grant the City thirty days after this motion is decided to answer the remaining claims.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the
City of Chicago

By: *s/ Timothy L. Swabb*
TIMOTHY L. SWABB
Assistant Corporation Counsel
JAY M. KERTEZ
Senior Counsel

30 North LaSalle Street, Suite 1020
Chicago, IL 60602
(312) 744-7630/9212